**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of _____ New York _____
                                              (State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | GTT Communications, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Global Telecom & Technology, Inc. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 0 – 2 0 9 6 3 3 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7900 Tysons One Place | One Penn Plaza |
| Number     Street | Number     Street |
| Suite 1450 | Suite 1005 |
| McLean            VA      22102 | New York          NY      10119 |
| City              State   ZIP Code | City              State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Fairfax | |
| County | Number     Street |
| | |
| | City              State   ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.gtt.net/us-en |

| Debtor | GTT Communications, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>1</u>  <u>7</u>  <u>9</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   GTT Communications, Inc.
         _____
         Name

Case number (if known) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

         District _____   When _____   Case number _____
                                              MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   See Rider 1 _____   Relationship   Affiliate _____

         District   Southern District New York _____   When   10/31/2021 _____
                                                                    MM / DD / YYYY

         Case number, if known   _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number        Street

                          _____

                          _____
                          City                              State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name _____

      Phone _____

---

**Statistical and administrative information**

---

| Debtor | GTT Communications, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (consolidated basis)**

☐ 1-49    ☐ 1,000-5,000    ☐ 25,001-50,000
☐ 50-99    ☐ 5,001-10,000    ☐ 50,001-100,000
☐ 100-199    ☒ 10,001-25,000    ☐ More than 100,000
☐ 200-999

---

**15. Estimated assets (consolidated basis)**

☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

**16. Estimated liabilities (consolidated basis)**

☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000    ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10 / 31 / 2021
MM  / DD / YYYY

X _____
Signature of authorized representative of debtor

Brian J. Fox
Printed name

Title  Chief Restructuring Officer

---

Debtor ___GTT Communications, Inc._____    Case number (*if known*)_____
      Name

**18. Signature of attorney**    ✖   ___/s/ Ira S. Dizengoff_____    Date    ___10/31/2021___
                                    Signature of attorney for debtor              MM  / DD / YYYY

                                    Ira S. Dizengoff_____
                                    Printed name
                                    Akin Gump Strauss Hauer & Feld LLP_____
                                    Firm name
                                    One Bryant Park_____
                                    Number      Street
                                    New York_____    NY    10036_____
                                    City                                   State   ZIP Code

                                    (212) 872-1000_____    idizengoff@akingump.com_____
                                    Contact phone                     Email address

                                    2565687_____    NY_____
                                    Bar number                    State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-35965          .

2. The following financial data is the latest available information and refers to the debtor's condition on the dates set forth in the First Day Declaration.[1]

a. Total assets                                                    $  2,800,000,000.00

b. Total debts (including debts listed in 2.c., below)   $  4,100,000,000.00

c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☒ | $ 575,000,000 | Unknown |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

d. Number of shares of preferred stock        0

e. Number of shares common stock        59,458,917

Comments, if any:  GTT Communications, Inc. does not and cannot know the precise number of beneficial holders of the unsecured notes it has issued.

3. Brief description of debtor's business:  The Debtors own and operate a global physical internet network and provide comprehensive cloud networking services.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Spruce House Partnership LLC (25.01%); Brian Thompson (11.80%); and Conifer Management, L.L.C. (8.86%)

[1] *See, Declaration of Brian J. Fox in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

**RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in the Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of GTT Communications, Inc.

1. GTT Communications, Inc.
2. Communication Decisions - SNVC, LLC
3. Core180, LLC
4. Electra Ltd.
5. GC Pivotal, LLC
6. GTT Americas, LLC
7. GTT Global Telecom Government Services, LLC
8. GTT RemainCo, LLC
9. GTT Apollo Holdings, LLC
10. GTT Apollo, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GTT COMMUNICATIONS, INC., | Case No. 21-_____ (   ) |
| Debtor. |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Spruce House Investment Management LLC | 25.01% |
| Brian Thompson | 11.80% |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GTT COMMUNICATIONS, INC., | Case No. 21-_____ ( ) |
| Debtor. | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|
| Spruce House Investment Management LLC | 435 Hudson St., Suite 804, New York, NY 10014 | Common Stock | 25.01% |
| Brian Thompson | 7900 Tysons One Place, Suite 1450 McLean, VA 22102 | Common Stock | 11.80% |
| Conifer Management, L.L.C. | 9 West 57th St., Suite 5000, New York, NY 10019 | Common Stock | 8.86% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Motion for Entry of an Order (I) Scheduling Combined Hearing to Consider Adequacy of Disclosure Statement and Confirmation of Plan; (II) Establishing Disclosure Statement and Plan Objection Deadline; (III) Approving Solicitation Procedures and Combined Hearing Notice; (IV) Waiving the Requirement Under the Bankruptcy Rules and Local Rules to Solicit the Votes of Holders of Existing GTT Equity Interests; (V) Approving Equity Notice Procedures; (VI) Directing that a Meeting of Creditors Not Be Convened; (VII) Waiving Requirement of Filing Schedules and Statements; (VIII) Establishing Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases; and (IX) Granting Related Relief* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

| Fill in this information to identify the case: |
| --- |

Debtor name __GTT Communications, Inc.__

United States Bankruptcy Court for the __Southern__ District of __New York__

(State)

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON TRUST, NATIONAL ASSOCIATION 50 SOUTH SIXTH STREET, SUITE 1290 MINNEAPOLIS, MN 55402 UNITED STATES -- AND -- WILMINGTON TRUST, NATIONAL ASSOCIATION C/O REED SMITH LLP 1201 MARKET STREET, SUITE 15 WILMINGTON, DE 19801-1163 | ATTN: GTT COMMUNICATIONS ADMINISTRATOR FAX: 612-217-5651 -- AND -- ATTN: KURT F. GWYNNE TITLE: COUNSEL PHONE: 302-778-7500 EMAIL: KGWYNNE@REEDSMITH.COM FAX: 302-778-7575 | 7.875% SENIOR UNSECURED NOTES DUE 2024 | | | | $612,734,375 |
| 2 | CENTURYLINK 100 CENTURYLINK DRIVE MONROE, LA 71203 UNITED STATES | ATTN: JEFF STOREY TITLE: CHIEF EXECUTIVE OFFICER PHONE: 318-388-9000 EMAIL: JEFF.STOREY@CENTURYLINK.COM | TRADE PAYABLE | | | | $6,360,681 |
| 3 | AT&T 208 S. AKARD ST. DALLAS, TX 75202 UNITED STATES | ATTN: JEFF MCELFRESH TITLE: CHIEF EXECUTIVE OFFICER PHONE: 210-821-4105 EMAIL: JEFFERY.MCELFRESH@ATT.COM | TRADE PAYABLE | | | | $4,906,546 |
| 4 | VERIZON 1095 AVENUE OF THE AMERICAS NEW YORK, NY 10036 UNITED STATES | ATTN: HANS VESTBERG TITLE: CHIEF EXECUTIVE OFFICER PHONE: 212-395-1000 EMAIL: HANS.VESTBERG@VERIZON.COM | TRADE PAYABLE | | | | $2,750,476 |
| 5 | EQUINIX ONE LAGOON DRIVE REDWOOD CITY, CA 94065 UNITED STATES | ATTN: CHARLES MEYERS TITLE: CHIEF EXECUTIVE OFFICER PHONE: 650-598-6000 EMAIL: CMEYERS@EQUINIX.COM | TRADE PAYABLE | | | | $2,011,647 |
| 6 | COMCAST COMCAST CENTER, 1701 JFK BOULEVARD 1701 JFK BOULEVARD PHILADELPHIA, PA 19103 UNITED STATES | ATTN: DAVID MARCUS TITLE: DEPUTY GENERAL PHONE: 215-583-8078 EMAIL: DAVID_MARCUS@COMCAST.COM | TRADE PAYABLE | | | | $1,794,547 |
| 7 | CHARTER COMMUNICATIONS 400 ATLANTIC STREET, FLOOR 10 STAMFORD, CT 06901 UNITED STATES | ATTN: THOMAS M. RUTLEDGE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 314-965-0555 EMAIL: TOM.RUTLEDGE@CHARTERCOM.COM | TRADE PAYABLE | | | | $1,363,244 |
| 8 | ZAYO BANDWIDTH LLC 1821 30TH STREET, UNIT A BOULDER, CO 80301 UNITED STATES | ATTN: DAN CARUSO TITLE: CHIEF EXECUTIVE OFFICER PHONE: 866-364-6033 EMAIL: DCARUSO@ZAYO.COM | TRADE PAYABLE | | | | $1,134,385 |

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

Debtor    GTT Communications, Inc.    Case number (if known) _____
_____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | FRONTIER 401 MERRITT 7 NORWALK, CT 06851 UNITED STATES | ATTN: SHELDON BRUHA TITLE: CHIEF FINANCIAL OFFICER PHONE: 800-921-8101 EMAIL: SHELDON.BRUHA@FRONTIER.COM | TRADE PAYABLE | | | | $978,239 |
| 10 | GBI GULF COMMERCIAL INCORPORATED SCIENCE & TECHNOLOGY PARK TECH 1 LEVEL 2,AL GHARAFFA STREET, AL RAYYAN P.O. BOX 210153 DOHA | ATTN: CENGIZ OZTELCAN TITLE: CHIEF EXECUTIVE OFFICER PHONE: 974 4009 4444 EMAIL: COZTELCAN@GBIINC.COM | TRADE PAYABLE | | | | $962,500 |
| 11 | Digital L REALTY TRUST FOUR EMBARCADERO CENTER, SUITE 3200 SAN FRANCISCO, CA 94111 | ATTN: WILLIAM STEIN TITLE: CHIEF EXECUTIVE OFFICER PHONE: 415-738-6500 EMAIL: BSTEIN@DIGITALREALTY.COM | TRADE PAYABLE | | | | $763,243 |
| 12 | WINDSTREAM 4001 N RODNEY PARHAM RD LITTLE ROCK, AR 72212-2442 UNITED STATES | ATTN: BOB GUNDERMAN TITLE: CHIEF FINANCIAL OFFICER PHONE: 501-748-7000EMAIL: BOB.GUNDERMAN@WINDSTREAM.COM | TRADE PAYABLE | | | | $755,598 |
| 13 | DATABANK HOLDINGS LLC 400 SOUTH AKARD ST., SUITE 100 DALLAS, TX 75202 UNITED STATES | ATTN: RAUL K. MARTYNEK TITLE: CHIEF EXECUTIVE OFFICER PHONE: 214-720-2266 EMAIL: RAUL.MARTYNEK@DATABANK.COM | TRADE PAYABLE | | | | $518,606 |
| 14 | CROWN CASTLE 2000 CORPORATE DRIVE CANONSBURG, PA 15317 UNITED STATES | ATTN: JAY BROWN TITLE: CHIEF EXECUTIVE OFFICER PHONE: 877-486-9377 EMAIL: JBROWN@CROWNCASTLE.COM | TRADE PAYABLE | | | | $513,608 |
| 15 | INTELISYS INC 1318 REDWOOD WAY, SUITE 120 PETALUMA, CA 94954 UNITED STATES | ATTN: MARK MORGAN TITLE: PRESIDENT PHONE: 864-286-4589 EMAIL: MMORGAN@INTELISYS.COM | TRADE PAYABLE | | | | $505,256 |
| 16 | CORESITE 1001 17TH STREET SUITE 500 DENVER, CO 80202 UNITED STATES | ATTN: PAUL SZUREK TITLE: CHIEF EXECUTIVE OFFICER PHONE: 866-777-2673 EMAIL: PAUL.SZUREK@CORESITE.COM | TRADE PAYABLE | | | | $495,753 |
| 17 | COX COMMUNICATIONS 6205-B PEACHTREE DUNWOODY ROAD NE ATLANTA, GA 30328 UNITED STATES | ATTN: PAT ESSER TITLE: CHIEF EXECUTIVE OFFICER PHONE: 888-278-6660 EMAIL: PAT.ESSER@COX.COM | TRADE PAYABLE | | | | $475,221 |
| 18 | GRANITE TELECOMMUNICATIONS 100 NEWPORT AVE. EXT QUINCY, MA 02171 UNITED STATES | ATTN: ROB HALE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 617-933-5500 EMAIL: RHALE@GRANITENET.COM FAX: 617-328-0312 | TRADE PAYABLE | | | | $430,343 |
| 19 | VELOCLOUD NETWORKS LLC 3401 HILLVIEW AVE PALO ALTO, CA 94304 UNITED STATES | ATTN: AMY FLIEGELMAN OLLI TITLE: GENERAL COUNSEL PHONE: 877-486-927 EMAIL: AOLLI@VMWARE.COM | TRADE PAYABLE | | | | $408,882 |
| 20 | TELUS 510 W GEORGIA ST. FL. 23 VANCOUVER, BC V6B 0M3 CANADA | ATTN: DARREN ENTWISTLE TITLE: CHIEF EXECUTIVE OFFICER PHONE: 604-697-8044 EMAIL: DARREN.ENTWISTLE2@TELUS.COM | TRADE PAYABLE | | | | $365,045 |
| 21 | DEUTSCHE TELEKOM NORTH AMERICA, INC 141 W FRONT ST RED BANK, NJ 07701 UNITED STATES | ATTN: BIRGIT BOHLE TITLE: BOARD MEMBER- LEGAL PHONE: 49 228 1810 EMAIL: BIRGIT.BOHLE@TELEKOM.DE | TRADE PAYABLE | | | | $361,472 |

Debtor  GTT Communications, Inc.                                     Case number (if known) _____
        _____
              Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 SPRINT T-MOBILE BANKRUPTCY TEAM PO BOX 53410 BELLEVUE, WA 98015-3410 UNITED STATES | ATTN: MIKE SIEVERT TITLE: CHIEF EXECUTIVE OFFICER PHONE: 425-827-4500 EMAIL: MIKE.SIEVERT@T-MOBILE.COM | TRADE PAYABLE | | | | $333,435 |
| 23 BELL CANADA 1 CARREFOUR ALEXANDER-GRAHAM-BELL BUILDING A, 4TH FLOOR VERDUN, QC H3E 3B3 CANADA | ATTN: MIRKO BIBIC TITLE: CHIEF EXECUTIVE OFFICER PHONE: 800-339-6353 EMAIL: MIRKO.BIBIC@BELL.CA FAX: 514-786-3970 | TRADE PAYABLE | | | | $252,747 |
| 24 NEUTRONA NETWORKS INTERNATIONAL 500 W. OVERLAND AVE. SUITE 310 EL PASO, TX 79901 UNITED STATES | ATTN: MIGUEL HERNANDEZ TITLE: CHIEF EXECUTIVE OFFICER PHONE: 877-918-3526 EMAIL: MIGUEL@TRANSTELCO.COM | TRADE PAYABLE | | | | $192,998 |
| 25 FUSION CLOUD SERVICES LLC 210 INTERSTATE NORTH PARKWAY SUITE 300 ATLANTA, GA 30339 UNITED STATES | ATTN: BRIAN CROTTY TITLE: CHIEF EXECUTIVE OFFICER PHONE: 203-858-0737 EMAIL: BRIAN@FUSIONCONNECT.COM | TRADE PAYABLE | | | | $158,986 |
| 26 DELL MARKETING LP ONE DELL WAY ROUND ROCK, TX 78664 UNITED STATES | ATTN: TOM SWEET TITLE: CHIEF FINANCIAL OFFICER PHONE: 800-289-3355 EMAIL: TOM.SWEET@DELL.COM | TRADE PAYABLE | | | | $157,673 |
| 27 AVANT COMMUNICATIONS INC 2 N. RIVERSIDE PLAZA SUITE 2450 CHICAGO, IL 60606 UNITED STATES | ATTN: BRENDAN TAYLOR TITLE: CHIEF FINANCIAL OFFICER PHONE: 877-312-2826 EMAIL: BTAYLOR@GOAVANT.NET | TRADE PAYABLE | | | | $156,437 |
| 28 AMERICAN TOWER CORP & METRO NET SAPI DE CV 116 HUNTINGTON AVENUE, 11TH FLOOR BOSTON, MA 02116 UNITED STATES | ATTN: TOM BARTLETT TITLE: CHIEF EXECUTIVE OFFICER PHONE: 617-375-7500 EMAIL: MTOM.BARTLETT@AMERICANTOWER.COM | TRADE PAYABLE | | | | $153,251 |
| 29 TELARUS LLC 45 WEST SEGO LILY DR STE 220 SANDY, UT 84070 UNITED STATES | ATTN: RICH GOATES TITLE: GENERAL COUNSEL PHONE: 877-346-3232 EMAIL: RGOATES@TELARUS.COM | TRADE PAYABLE | | | | $153,234 |
| 30 CABLEVISION LIGHTPATH 1111 STEWART AVE BETHPAGE, NY 11714 UNITED STATES | ATTN: MICHAEL GRAU TITLE: CHIEF FINANCIAL OFFICER PHONE: 516-672-8520 EMAIL: MICHAEL@ALTICEUSA.COM | TRADE PAYABLE | | | | $150,769 |

| Fill in this information to identify the case: |
|---|
| Debtor name    **GTT Communications, Inc.** |
| United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ *Amended Schedule*
■ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **List of Equity Security Holders; Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/31/2021                    x _____
                                          Signature of individual signing on behalf of debtor

                                          **Brian J. Fox**
                                          Printed name

                                          **Chief Restructuring Officer**
                                          Position or relationship to debtor

## OFFICER'S CERTIFICATE

October 31, 2021

The undersigned, solely in his capacity as the Secretary of GTT Communications, Inc. ("***GTT***") and an Assistant Secretary of Communication Decisions - SNVC, LLC, Core180, LLC, Electra Ltd., GC Pivotal, LLC, GTT Americas, LLC, GTT Global Telecom Government Services, LLC, GTT RemainCo, LLC, GTT Apollo Holdings, LLC and GTT Apollo, LLC (the "***GTT Subsidiaries***", and, collectively with GTT, the "***Companies***" and, each, a "***Company***"), solely in the name and on behalf of each Company and not in his individual or any other capacity, and without personal liability, hereby certifies that attached hereto as **Exhibit A** and **Exhibit B** are true, correct, and complete copies of the resolutions, duly adopted by the board of directors or the sole member, as applicable, of each Company.  Such resolutions are the only resolutions relating thereto and have not been amended, rescinded, modified, or revoked since the date of adoption thereof, and are in full force and effect on the date hereof.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name: Douglass B. Maynard

Title: Secretary of GTT and Assistant Secretary of the GTT Subsidiaries

[Signature Page to Officer's Certificate]

**<u>Exhibit A</u>**


**Resolutions of the GTT Board**


[*Attached*]

**RESOLUTIONS**
**OF THE**
**BOARD OF DIRECTORS**
**OF**
**GTT COMMUNICATIONS, INC.**

October 30, 2021

A video and telephonic meeting of the board of directors (the "***Board***") of GTT Communications, Inc., a Delaware corporation (the "***Company***"), at which a quorum was present and duly acting and pursuant to which notice was provided or waived and at which all members of the Board present could hear and be heard by all other participants, was duly called and held on the date first set forth above, at which the Board adopted the following resolutions. After discussion among the members of the Board and due consideration, upon motion duly made and seconded, each member of the Board present indicated consent and approval to the following resolutions and such resolutions were thereby adopted and approved:

**WHEREAS**, on September 1, 2021, the Company Parties (as defined below) entered into a restructuring support agreement (the "***RSA***") by and among:

(i) the Company, GTT Communications B.V ("***GTT B.V.***") and certain other direct and indirect subsidiaries of the Company (collectively, the "***Company Parties***"),

(ii) certain lender parties (the "***Consenting Priming Facility Lenders***") to that certain Priming Facility Credit Agreement, dated as of December 28, 2020, by and among the Company, GTT B.V. and Delaware Trust Company, as administrative agent (as amended, the "***Priming Facility Credit Agreement***");

(iii) certain lenders who have extended revolving loans (the "***Consenting Revolving Lenders***") under that certain Credit Agreement, dated as of May 31, 2018, by and among the Company, GTT B.V., the lenders party thereto from time to time, and KeyBank National Association, as administrative agent (as amended, the "***Credit Agreement***");

(iv) certain lenders who have extended U.S. term loans to the Company under the Credit Agreement (the "***Consenting U.S. Term Loan Lenders***");

(v) certain lenders who extended the initial term loans to GTT B.V. under the Credit Agreement (the "***Consenting Original EMEA Term Loan Lenders***");

(vi) certain lenders who extended term loans to GTT B.V. under Amendment No. 2 to the Credit Agreement, dated as of February 28, 2020 (the "***Consenting 2020 EMEA Term Loan Lenders***" and, together with the Consenting U.S. Term Loan Lenders and the Consenting Original EMEA Term Loan Lenders, the "***Consenting Term Loan Lenders***");

(vii) certain holders of the Company's outstanding 7.875% Senior Notes due 2024 (the "***Consenting Noteholders***" and, collectively with the Consenting Priming Facility Lenders, the Consenting Revolving Lenders and the Consenting Term Loan Lenders, the "***Consenting Creditors***") issued pursuant to that certain Indenture, dated as of December 22, 2016, by and among the Company, the guarantors party thereto, and Wilmington Trust, National Association, as trustee (the "***Senior Notes***");

(viii) certain holders of the Company's outstanding shares of common stock (the "**Consenting Equity Holders**"); and

(ix) Cube Telecom Europe Bidco Limited ("**Buyer**"), a company controlled by funds managed and/or advised by I Squared Capital Advisors (US) LLC (together with the Buyer, "**I Squared**" and, together with the Consenting Creditors and the Consenting Equity Holders, the "**Consenting Stakeholders**"),

which contemplates a comprehensive restructuring of the Company Parties on the terms set forth in the RSA (the "**Restructuring Transactions**");

**WHEREAS**, pursuant to the RSA, the Company Parties and the Consenting Stakeholders agreed, among other things, to effectuate the Restructuring Transactions through consummation of the I Squared Infrastructure Sale (as such term is defined in the RSA) followed by the commencement of voluntary reorganization cases under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") and confirmation and consummation of a prepackaged chapter 11 plan of reorganization (as may be amended, modified or supplemented in accordance with the RSA, the "**Plan**");

**WHEREAS**, the I Squared Infrastructure Sale was consummated on September 16, 2021 and the net proceeds therefrom were used to reduce the Company's then-outstanding secured funded indebtedness, including all of the indebtedness underlying the Priming Facility Credit Agreement;

**WHEREAS**, on September 24, 2021 the Company commenced solicitation of votes on the Plan in accordance with the terms of the RSA;

**WHEREAS,** the solicitation of votes on the Plan ended on October 26, 2021, and, as of the date hereof, the requisite percentages of votes to accept the Plan have been received in order to obtain confirmation of the Plan pursuant to applicable provisions of the Bankruptcy Code, subject to approval of the Bankruptcy Court;

**WHEREAS**, the Strategic Planning Committee of the Board (the "**SPC**") has considered the presentations by, and recommendations of, the management and the legal and financial advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's businesses and the businesses of the Companies' subsidiaries and, after careful consideration of all the facts and circumstances, has recommended that the Board approve the filing by each of the Company and certain of its direct and indirect U.S. subsidiaries of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and the filing of the Plan and the Disclosure Statement accompanying the Plan (the "**Disclosure Statement**") and the contents and disclosures thereof, with the Bankruptcy Court;

**WHEREAS**, the Board has considered the recommendations of the SPC and the presentations by, and recommendations of, management and the legal and financial advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company, and the effect of the foregoing on the Company's businesses and the businesses of the Companies' subsidiaries and, after careful consideration of all of the facts and circumstances, has determined that it is in the best interests of the Company, its subsidiaries, their respective creditors and other parties in interest to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and to file or cause to be filed the Plan and the Disclosure Statement with the Bankruptcy Court; and

2

**WHEREAS**, the Board has determined that the following resolutions are advisable and in the best interests of the Company, its subsidiaries, their respective creditors, and other parties in interest.

## CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board and based on the recommendations of the SPC and the information presented to the Board by, and the recommendations of, the management and the legal and financial advisors of the Company, it is desirable and in the best interests of the Company, its subsidiaries, their respective creditors, and other parties in interest that the Company and each of the direct and indirect U.S. subsidiaries of the Company set forth on Exhibit A hereto (collectively, with the Company, the "***Debtor Entities***" and, each, a "***Debtor Entity***") shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing cases in the Bankruptcy Court (each, a "***Chapter 11 Case***," and collectively, the "***Chapter 11 Cases***"); and

**RESOLVED FURTHER**, that the Chief Restructuring Officer, Chief Executive Officer, Chief Financial Officer, Chief Operating Officer and Secretary of the Company (each, an "***Authorized Officer***" and, collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to execute and file on behalf of the Debtor Entities all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Officers deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of the Debtor Entities' businesses, to protect any U.S. federal income tax benefits of the Debtor Entities or to assist the Debtor Entities in the Chapter 11 Cases and in carrying out their respective duties under the provisions of the Bankruptcy Code.

## PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms the Plan pursuant to which the Debtor Entities would, among other things, implement a reorganization of the Debtor Entities' liabilities and emerge from the Chapter 11 Cases;

**WHEREAS**, the Board has had the opportunity to consult with the management and the legal and financial advisors of the Company regarding the material terms of the proposed Disclosure Statement; and

**WHEREAS**, the Board has determined that it is advisable and in the best interests of the Debtor Entities, their respective subsidiaries and creditors, and other parties in interest that the Debtor Entities, in furtherance of reorganizing the Debtor Entities' liabilities and their emergence from the Chapter 11 Cases, file the Plan and the Disclosure Statement with the Bankruptcy Court;

**NOW, THEREFORE, BE IT RESOLVED**, that the Board authorizes, confirms, approves and ratifies the form, terms and provisions of, and each of the transactions contemplated by the RSA, the Plan and the Disclosure Statement, as each may be amended or modified from time to time, and the filing thereof with the Bankruptcy Court.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED FURTHER**, in the judgment of the Board, it is desirable and in the best interests of the Debtor Entities, their respective subsidiaries and creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in Bankruptcy Code section 363(a), the

"*Cash Collateral*,"), which is security for certain of the Debtor Entities' prepetition secured lenders (the "*Prepetition Secured Lenders*") party to the Credit Agreement;

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to seek approval of the use of the Cash Collateral pursuant to one or more cash collateral orders in interim and/or final form (a "*Cash Collateral Order*"), and each of the Authorized Officers be, and hereby is, authorized, empowered and directed to negotiate, execute and deliver any and all agreements, instruments or documents, by or on behalf of the Debtor Entities, necessary, appropriate or desirable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of the Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Debtor Entities to grant adequate protection and security interests to the Prepetition Secured Lenders and such other agreement, instrument or document to be executed and delivered in connection therewith, by or on behalf of the Debtor Entities pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by his or her execution and delivery thereof; and

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, appropriate or desirable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to employ the law firm of Akin Gump Strauss Hauer & Feld LLP ("*Akin Gump*") as general bankruptcy counsel, to represent and assist the Debtor Entities in carrying out their respective duties under the Bankruptcy Code, to take any and all actions to advance such Debtor Entities' rights and obligations, including filing any petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers and conducting any sales process on behalf of the Debtor Entities and to continue to represent, and perform work for the Audit Committee of the Board during the Chapter 11 Cases; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Akin Gump in accordance with applicable law;

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to employ the firm of TRS Advisors, a group within the investment banking division of Piper Sandler & Co. ("*TRS*"), as investment banker, to represent and assist the Debtor Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance the Debtor Entities' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain TRS in accordance with applicable law;

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to employ the firm of Alvarez & Marsal, LLC ("*A&M*") to provide the Debtor Entities with a Chief Restructuring Officer, who shall be Brian J. Fox, along with additional personnel to support the Chief

Restructuring Officer and the Debtor Entities in connection with the Restructuring Transactions and the Chapter 11 Cases and in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law;

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to employ the firm of Prime Clerk, LLC ("***Prime Clerk***") as notice, claims and balloting agent, to represent and assist the Debtor Entities in carrying out their respective duties under the Bankruptcy Code, and to take any and all actions to advance such Debtor Entities' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk in accordance with applicable law;

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to employ any other professionals to represent and assist the Debtor Entities in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain any other professionals as necessary; and

**RESOLVED FURTHER**, that the Debtor Entities are hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors and other professionals and to take and perform any and all further acts and deeds that the Authorized Officers deem necessary, appropriate or desirable in connection with each Chapter 11 Case, with a view to the successful prosecution of the case.

## SPC AUTHORITY

**WHEREAS**, the Board previously formed the SPC and authorized, approved and adopted the Second Amended and Restated Strategic Planning Committee Charter (the "***SPC Charter***"), which provides, among other things, that the SPC shall have the exclusive responsibility and authority to exercise the duties of the Board with respect to the Restructuring (as such term is defined in the RSA), and the implementation thereof, including with respect to any actions to be taken by, or consents to be granted by, the Company, and any acts or omissions of the Company or any of its subsidiaries governed by or relating to the terms or conditions of the RSA, subject to the exceptions set forth in the SPC Charter.

**NOW, THEREFORE, BE IT RESOLVED**, that, the Board hereby re-affirms that the SPC shall have the exclusive responsibility and authority to exercise the duties of the Board with respect to the Restructuring (as such term is defined in the RSA), and the implementation thereof, including with respect to any actions to be taken by, or consents to be granted by, the Company, and any acts or omissions of the Company or any of its subsidiaries governed by or relating to the terms or conditions of the RSA, subject to the exceptions set forth in the SPC Charter.

## CHIEF RESTRUCTURING OFFICER

**WHEREAS**, the Company previously appointed Brian J. Fox, an employee of A&M, to serve as Chief Restructuring Officer of the Debtor Entities, and the Board desires to re-affirm the appointment of Mr. Fox to serve as Chief Restructuring Officer of the Debtor Entities.

**NOW, THEREFORE, BE IT RESOLVED**, that, Mr. Fox is hereby re-affirmed to serve as the Chief Restructuring Officer of the Debtor Entities, to hold such office until his earlier death, resignation, retirement or removal; and

**RESOLVED FURTHER**, that Mr. Fox shall perform the duties and responsibilities of the office of the Chief Restructuring Officer of the Company in accordance with the SPC Charter (including with respect to the Chief Restructuring Officer's obligation to report to the SPC), and shall otherwise carry on the businesses of the Debtor Entities.

## REGULATORY APPROVALS

**RESOLVED**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to make any filings and take actions in connection with all regulatory approvals considered necessary or advisable in connection with the Restructuring Transactions.

## GENERAL

**RESOLVED**, that the Authorized Officers are, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company (including acting on behalf of the Company or any of its subsidiaries (including any Debtor Entity) in its capacity as the direct or indirect member or equity holder of any of its subsidiaries), to approve, execute and deliver, from time to time, any and all such agreements, instruments, certificates and other documents, including the filing of any current reports on Form 8-K under the Securities Exchange Act of 1934, as amended, with the Securities and Exchange Commission, in connection with any transaction or action contemplated by the foregoing resolutions as the Authorized Officer(s) executing and delivering the same shall, as evidenced by the execution and delivery thereof, deem necessary, desirable or appropriate to carry into effect the purposes and intent of the foregoing resolutions, with the execution and delivery thereof by any such Authorized Officer of any document, and the taking of any action in connection with the foregoing, establishing conclusively such Authorized Officer's authority therefor and the approval by the Board of the documents so executed and delivered and the actions so taken;

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such payments and incur all such expenses in connection with any transaction contemplated by the foregoing resolutions as the Authorized Officer(s) making or incurring the same shall, as evidenced by the making or incurring thereof, deem necessary, desirable or appropriate to carry into effect the purposes and intent of the foregoing resolutions, with the making or incurring thereof by any such Authorized Officer establishing conclusively such Authorized Officer's authority therefor and the approval by the Board of the actions so taken;

**RESOLVED FURTHER**, that in addition to the specific authorizations conferred by the foregoing resolutions upon the Company's officers and directors, the Authorized Officers are, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the Company, to do or cause to be done all such further acts and things (including the approval, execution and delivery of all such further agreements, instruments, certificates and other documents) as the Authorized Officer(s) doing the same or causing the same to be done shall, as evidenced by the doing or causing thereof, deem necessary, desirable or appropriate in order to carry into effect the purposes and intent of the foregoing resolutions, with the doing of

the same or causing the same to be done by any such Authorized Officer establishing conclusively such Authorized Officer's authority therefor and the approval by the Board of the actions so taken; and, if specific forms of resolutions are necessary, desirable or appropriate to accomplish the transactions contemplated by the foregoing resolutions, then the same shall be deemed to have been and hereby are adopted, and the Secretary and any other appropriate officer of the Company are, and each individually hereby is, authorized to certify the adoption of all such resolutions as though such resolutions are part of these resolutions;

**RESOLVED FURTHER**, that, the Authorized Officers be, and they hereby are, authorized and directed to vote any equity interests of the Company in its subsidiaries as may be necessary or appropriate to implement the transactions contemplated by the foregoing resolutions;

**RESOLVED FURTHER**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Officer to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the matters contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED FURTHER**, that each of the lawful acts of the Authorized Officers taken prior to the date hereof in connection with the transactions or actions contemplated by the foregoing resolutions is hereby ratified, approved, adopted and confirmed as if each such act had been presented to and approved by the Board prior to being taken;

**RESOLVED FURTHER**, that the Secretary and any other appropriate officer of the Company are, and each individually hereby is, authorized and empowered to certify and furnish such copies of these resolutions and such statements as to the incumbency of the Company's officers, as may be requested, and any person receiving such certified copy is and shall be authorized to rely upon the contents thereof; and

**RESOLVED FURTHER**, that these resolutions shall be effective immediately.

## **Exhibit A**

1.  Communication Decisions - SNVC, LLC

2.  Core180, LLC

3.  Electra Ltd.

4.  GC Pivotal, LLC

5.  GTT Americas, LLC

6.  GTT Global Telecom Government Services, LLC

7.  GTT RemainCo, LLC

8.  GTT Apollo Holdings, LLC

9.  GTT Apollo, LLC

**<u>Exhibit B</u>**

**Omnibus Written Consent
of the Sole Member or the Board
of the GTT Subisidiaries**

[*Attached*]

**OMNIBUS ACTION BY WRITTEN CONSENT**
**OF THE SOLE MEMBER OR THE BOARD OF DIRECTORS**
**OF**
**GTT AMERICAS, LLC**
**GTT GLOBAL TELECOM GOVERNMENT SERVICES, LLC**
**GC PIVOTAL, LLC**
**COMMUNICATION DECISIONS - SNVC, LLC**
**ELECTRA LTD.**
**CORE180, LLC**
**GTT REMAINCO, LLC**
**GTT APOLLO, LLC**
**GTT APOLLO HOLDINGS, LLC**

**October 30, 2021**

The undersigned, each being (i) the sole member or (ii) every member of the board of directors, as the case may be (each a "*Governing Body*" and, collectively, the "*Governing Bodies*") of GTT Americas, LLC, a Delaware limited liability company ("*GTT Americas*"), GTT Global Telecom Government Services, LLC, a Virginia limited liability company ("*GTT Global Telecom*"), GC Pivotal, LLC, a Delaware limited liability company ("*GC Pivotal*"), Communication Decisions - SNVC, LLC, a Virginia limited liability company ("*SNVC*"), Electra Ltd., a Virginia corporation ("*Electra*"), Core180, LLC, a Delaware limited liability company ("*Core180*"), GTT RemainCo, LLC, a Delaware limited liability company ("*GTT RemainCo*"), GTT Apollo, LLC, a Delaware limited liability company ("*GTT Apollo*"), and GTT Apollo Holdings, LLC, a Delaware limited liability company ("*GTT Apollo Holdings*", and together with GTT Americas, GTT Global Telecom, GC Pivotal, SNVC, Electra, Core180, GTT RemainCo and GTT Apollo, collectively the "*Companies*" and each, a "*Company*"), which Companies are direct or indirect subsidiaries of GTT Communications, Inc., a Delaware corporation (the "*Parent*"), pursuant to the respective organizational documents of each of the Companies and the laws of the states of Delaware and Virginia (as applicable), hereby adopts the following resolutions by written consent, effective as of the date hereof:

**WHEREAS**, on September 1, 2021, the Company Parties (as defined below) entered into a restructuring support agreement (the "*RSA*") by and among:

(i) the Parent, GTT Communications B.V ("*GTT B.V.*") and certain other direct and indirect subsidiaries of the Parent (collectively, the "*Company Parties*"),

(ii) certain lender parties (the "*Consenting Priming Facility Lenders*") to that certain Priming Facility Credit Agreement, dated as of December 28, 2020, by and among the Parent, GTT B.V. and Delaware Trust Company, as administrative agent (as amended, the "*Priming Facility Credit Agreement*");

(iii) certain lenders who have extended revolving loans (the "*Consenting Revolving Lenders*") under that certain Credit Agreement, dated as of May 31, 2018, by and among the Parent, GTT B.V., the lenders party thereto from time to time, and KeyBank National Association, as administrative agent (as amended, the "*Credit Agreement*");

(iv) certain lenders who have extended U.S. term loans to the Parent under the Credit Agreement (the "***Consenting U.S. Term Loan Lenders***");

(v) certain lenders who extended the initial term loans to GTT B.V. under the Credit Agreement (the "***Consenting Original EMEA Term Loan Lenders***");

(vi) certain lenders who extended term loans to GTT B.V. under Amendment No. 2 to the Credit Agreement, dated as of February 28, 2020 (the "***Consenting 2020 EMEA Term Loan Lenders***" and, together with the Consenting U.S. Term Loan Lenders and the Consenting Original EMEA Term Loan Lenders, the "***Consenting Term Loan Lenders***");

(vii) certain holders of the Parent's outstanding 7.875% Senior Notes due 2024 (the "***Consenting Noteholders***" and, collectively with the Consenting Priming Facility Lenders, the Consenting Revolving Lenders and the Consenting Term Loan Lenders, the "***Consenting Creditors***") issued pursuant to that certain Indenture, dated as of December 22, 2016, by and among the Parent, the guarantors party thereto, and Wilmington Trust, National Association, as trustee (the "***Senior Notes***");

(viii) certain holders of the Parent's outstanding shares of common stock (the "***Consenting Equity Holders***"); and

(ix) Cube Telecom Europe Bidco Limited ("***Buyer***"), a company controlled by funds managed and/or advised by I Squared Capital Advisors (US) LLC (together with the Buyer, "***I Squared***" and, together with the Consenting Creditors and the Consenting Equity Holders, the "***Consenting Stakeholders***"),

which contemplates a comprehensive restructuring of the Company Parties on the terms set forth in the RSA (the "***Restructuring Transactions***");

**WHEREAS**, pursuant to the RSA, the Company Parties and the Consenting Stakeholders agreed, among other things, to effectuate the Restructuring Transactions through consummation of the I Squared Infrastructure Sale (as such term is defined in the RSA) followed by the commencement of voluntary reorganization cases under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") and confirmation and consummation of a prepackaged chapter 11 plan of reorganization (as may be amended, modified or supplemented in accordance with the RSA, the "***Plan***");

**WHEREAS**, the I Squared Infrastructure Sale was consummated on September 16, 2021 and the net proceeds therefrom were used to reduce the Parent's then-outstanding secured funded indebtedness, including all of the indebtedness underlying the Priming Facility Credit Agreement;

**WHEREAS**, on September 24, 2021 the Parent and the Companies commenced solicitation of votes on the Plan in accordance with the terms of the RSA;

**WHEREAS,** the solicitation of votes on the Plan ended on October 26, 2021, and, as of the date hereof, the requisite percentages of votes to accept the Plan have been received in order to obtain confirmation of the Plan pursuant to applicable provisions of the Bankruptcy Code, subject to approval of the Bankruptcy Court;

**WHEREAS**, each Governing Body has considered the presentations by, and recommendations of, management and the legal and financial advisors of the Parent regarding the liabilities and liquidity situation of the Parent and the Companies, the strategic alternatives available to the Parent and the Companies, and the effect of the foregoing on the Parent's and the Companies' businesses and the businesses of their respective subsidiaries and, after careful consideration of all of the facts and circumstances, has determined that it is in the best interests of each Company, its subsidiaries and creditors and other parties in interest to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and to file or cause to be filed the Plan and the Disclosure Statement with the Bankruptcy Court; and

**WHEREAS**, each Governing Body has determined that the following resolutions are advisable and in the best interests of the applicable Company, its subsidiaries and creditors and other parties in interest.

## CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of each Governing Body and the information presented to each Governing Body by, and the recommendations of, the management and the legal and financial advisors of the Parent, it is desirable and in the best interests of the applicable Company, its subsidiaries and creditors and other parties in interest that the such Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing cases in the Bankruptcy Court (each, a "***Chapter 11 Case***," and collectively, the "***Chapter 11 Cases***"); and

**RESOLVED FURTHER**, that the President, Chief Restructuring Officer, Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Treasurer or Assistant Treasurer, Secretary or Assistant Secretary of the applicable Company and the other officers as may be designated in accordance with the organizational documents of such Company (each, an "***Authorized Officer***" and, collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officer of such Company are, and each of them individually hereby is, authorized, empowered and directed to execute and file, in the name of and on behalf of the applicable Company, all petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers, and to take any and all action that such Authorized Officers deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of such Company's businesses, to protect any U.S. federal income tax benefits of such Company or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Parent regarding the material terms the Plan pursuant to which the each Company would, among other things, implement a reorganization of such Company's liabilities and emerge from the Chapter 11 Cases;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Parent regarding the material terms of the proposed Disclosure Statement; and

**WHEREAS**, each Governing Body has determined that it is advisable and in the best interests of the applicable Company, its subsidiaries and creditors and other parties in interest that such Company, in furtherance of reorganizing such Company's liabilities and its emergence from the Chapter 11 Cases, file the Plan and the Disclosure Statement with the Bankruptcy Court;

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body authorizes, confirms, approves and ratifies the form, terms and provisions of, and each of the transactions contemplated by the RSA, the Plan and the Disclosure Statement, as each may be amended or modified from time to time and the filing thereof by the applicable Company with the Bankruptcy Court.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**RESOLVED FURTHER**, in the judgment of each Governing Body, it is desirable and in the best interests of the applicable Company, its subsidiaries and creditors and other parties in interest, to obtain the benefits from the use of cash collateral (as such term is defined in Bankruptcy Code section 363(a), the "***Cash Collateral***,") which is security for certain of the Companies' prepetition secured lenders (the "***Prepetition Secured Lenders***") party to the Credit Agreement;

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to seek approval of the use of the Cash Collateral pursuant to one or more cash collateral orders in interim and/or final form (a "***Cash Collateral Order***"), and each of the Authorized Officers be, and hereby is, authorized, empowered and directed to negotiate, execute and deliver any and all agreements, instruments or documents, by or on behalf of the applicable Company, necessary, appropriate or desirable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of the Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require such Company to grant adequate protection and security interests to the Prepetition Secured Lenders and such other agreement, instrument or document to be executed and delivered in connection therewith, by or on behalf of such Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his or her absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by his or her execution and delivery thereof; and

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to execute and deliver any amendments,

supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or to do such other things which shall in his or her absolute discretion be necessary, appropriate or desirable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to employ the law firm of Akin Gump Strauss Hauer & Feld LLP ("***Akin Gump***") as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, to take any and all actions to advance such Company's rights and obligations, including filing any petitions, schedules, motions, objections, replies, applications, pleadings, lists, documents and other papers and conducting any sales process on behalf of such Company during the Chapter 11 Cases; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Akin Gump in accordance with applicable law;

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to employ the firm of TRS Advisors, a group within the investment banking division of Piper Sandler & Co. ("***TRS***"), as investment banker, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain TRS in accordance with applicable law;

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to employ the firm of Alvarez & Marsal, LLC ("***A&M***"), to provide such Company with a Chief Restructuring Officer, who shall be Brian J. Fox, along with additional personnel to support the Chief Restructuring Officer and such Company in connection with the Restructuring Transactions and the Chapter 11 Cases and in carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law;

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to employ the firm of Prime Clerk, LLC ("***Prime Clerk***") as notice, claims and balloting agent, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk in accordance with applicable law;

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to employ any other professionals to represent and assist such Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain any other professionals as necessary; and

**RESOLVED FURTHER**, that each Company is hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors and other professionals and to take and perform any and all further acts and deeds that the Authorized Officers deem necessary, appropriate or desirable in connection with each Chapter 11 Case, with a view to the successful prosecution of the case.

## CHIEF RESTRUCTURING OFFICER

**WHEREAS**, the Parent previously appointed Brian J. Fox, an employee of A&M, to serve as Chief Restructuring Officer of the Parent and the Companies, and the Governing Bodies desire to affirm the appointment of Mr. Fox to serve as Chief Restructuring Officer of the applicable Company.

**NOW, THEREFORE, BE IT RESOLVED**, that, Mr. Fox is hereby appointed and affirmed to serve as the Chief Restructuring Officer of each Company, to hold such office until his earlier death, resignation, retirement or removal;

**RESOLVED FURTHER**, that Mr. Fox shall perform the duties and responsibilities of the office of the Chief Restructuring Officer of each Company in accordance with organizational documents of such Company, and shall otherwise carry on the business of each Company; and

**RESOLVED FURTHER**, that any and all acts and deeds of Mr. Fox taken on behalf of any Company, taken prior to the date hereof that would have been authorized by the foregoing resolutions but for the fact that such acts were taken prior to the date hereof are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the applicable Company.

## REGULATORY APPROVALS

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized, empowered and directed to make any filings and take actions in connection with all regulatory approvals considered necessary or advisable in connection with the Restructuring Transactions.

## NO TERMINATION OF EXISTENCE

**RESOLVED FURTHER**, that notwithstanding any provision in the governing documents of any Company, no Company shall be automatically dissolved, nor shall any member or partner

of any Company be disassociated, upon the filing of the voluntary petitions or any action taken in accordance with these resolutions; and

**RESOLVED FURTHER**, that (i) each of the (A) Amended and Restated Limited Liability Company Agreement, dated as of April 9, 2021, of RemainCo and (B) Limited Liability Company Agreement, dated as of March 24, 2021, of GTT Apollo, be, and each hereby is, amended by adding new Section 16.3 thereto, which Section shall read as set forth below; and (ii) the Amended and Restated Limited Liability Company Agreement, dated as of April 10, 2021, of GTT Apollo Holdings, be, and it hereby is, amended by adding new Section 15.3 thereto, which Section shall read as set forth below:

"**Bankruptcy**.  Notwithstanding any provision of this Agreement to the contrary, to the fullest extent permitted by law, no member of the LLC shall dissociate or withdraw from the LLC as a member or otherwise cease to be a member of the LLC, or be deemed to have dissociated or withdrawn from the LLC as a member or otherwise ceased to be a member of the LLC, in each case as a consequence of the Bankruptcy of such member, and the LLC shall not dissolve upon the Bankruptcy of a member.  As used in this Section, "Bankruptcy" means that a member makes an assignment for the benefit of creditors; files a voluntary petition under chapter 11 of title 11 of the United States Code; is adjudged a bankrupt or insolvent, or has entered against itself an order for relief, in any bankruptcy or insolvency proceeding; files a petition or answer seeking for itself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any law; files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against it in any proceeding of the foregoing nature; or seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of such member, or of all or any substantial part of its assets."

## APPOINTMENT OF ASSISTANT SECRETARY

**WHEREAS**, each of the Governing Bodies desires to appoint Douglass B. Maynard as an Assistant Secretary of the applicable Company.

**NOW THEREFORE, BE IT RESOLVED**, that, Mr. Maynard be, and hereby is, elected, appointed, ratified and confirmed as an Assistant Secretary of each Company;

**RESOLVED FURTHER**, that Mr. Maynard shall perform the duties and responsibilities of the office of an Assistant Secretary of each Company in accordance with organizational documents of such Company, and shall otherwise carry on the business of each Company; and

**RESOLVED FURTHER**, that any and all acts and deeds of Mr. Maynard taken on behalf of any Company, taken prior to the date hereof that would have been authorized by the foregoing resolutions but for the fact that such acts were taken prior to the date hereof are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the applicable Company.

## GENERAL

**RESOLVED FURTHER**, that all actions, including, without limitation, the opening of any depository or other accounts and paying fees, taken by the Authorized Officers in the name and on behalf of any Company in connection with any and all of the transactions referred to in, or contemplated by, the preceding resolutions be, and hereby are, ratified, confirmed and approved;

**RESOLVED FURTHER**, that the Authorized Officers, and each of them acting singly, be and hereby are, authorized from time to time, in the name and on behalf of the applicable Company (including acting on behalf of such Company or any of its subsidiaries in its capacity as the direct or indirect member or equity holder of any of its subsidiaries), to approve, execute, make oath to, acknowledge and deliver any and all such orders, directions, certificates and other instruments and papers, and to do or cause to be done any and all such other acts and things, as may, in his or their judgment, be necessary, desirable, appropriate or convenient in connection with the consummation of the transactions contemplated by the foregoing resolutions;

**RESOLVED FURTHER**, that the Authorized Officers are, and each of them individually hereby is, authorized and empowered, in the name and on behalf of the applicable Company, to make all such payments and incur all such expenses in connection with any transaction contemplated by the foregoing resolutions as the Authorized Officers making or incurring the same shall, as evidenced by the making or incurring thereof, deem necessary, desirable or appropriate to carry into effect the purposes and intent of the foregoing resolutions, with the making or incurring thereof by any such Authorized Officer establishing conclusively such Authorized Officer's authority therefor and the approval by the Governing Bodies of the actions so taken;

**RESOLVED FURTHER**, that, the Authorized Officers be, and they hereby are, authorized and directed to vote any equity interests of the applicable Company in its subsidiaries as may be necessary or appropriate to implement the transactions contemplated by the foregoing resolutions;

**RESOLVED FURTHER**, that this consent may be signed in multiple counterparts, including by facsimile or other electronic transmission, each of which shall be deemed to be an original, but all of which taken together shall constitute one and the same instrument;

**RESOLVED FURTHER**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements described in the foregoing resolutions shall in no manner derogate from the authority of any Authorized Officer to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out or further the matters contemplated by and the intent and purposes of the foregoing resolutions;

**RESOLVED FURTHER**, that each of the lawful acts of the Authorized Officers taken prior to the date hereof in connection with the transactions or actions contemplated by the foregoing resolutions is hereby ratified, approved, adopted and confirmed as if each such act had been presented to and approved by the applicable Governing Body prior to being taken; and

**RESOLVED FURTHER**, to direct that this consent be filed with the records of meetings of each of the Governing Bodies.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Action by Written Consent as of the date first set forth above.


COMPANY:                                    **GTT AMERICAS, LLC**

**GTT AMERICAS, LLC**                       By:  GTT Communications, Inc.,
                                                 its sole member

DocuSigned by:

*Donna Marie Granato*

3772457C6BB446B...

Name:  Donna Granato
Title:   Chief Financial Officer


[Signature Page to Omnibus Action by Written Consent]

COMPANY:

**GTT GLOBAL TELECOM
GOVERNMENT SERVICES, LLC**

**GTT GLOBAL TELECOM GOVERNMENT
SERVICES, LLC**

By: GTT Communications, Inc.,
its sole member

DocuSigned by:

*Donna Marie Granato*

Name: Donna Granato
Title:   Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:

**GC PIVOTAL, LLC**

**GC PIVOTAL, LLC**

By: GTT Americas, LLC, its sole member

DocuSigned by:

*Donna Marie Granato*

3772457C6DD446D...

Name: Donna Granato
Title:   Vice President, Treasurer, Secretary
and Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:

**COMMUNICATION DECISIONS –
SNVC, LLC**

**COMMUNICATION DECISIONS – SNVC,
LLC**

By: GTT Global Telecom Government Services,
LLC, its sole member

DocuSigned by:

*Donna Marie Granato*

3772457C6DB446D...

Name: Donna Granato
Title:   Vice President, Treasurer, Secretary
and Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:                                    **DIRECTORS:**

**ELECTRA LTD.**

_____
Ernest Ortega

_____
Donna Granato

_____
Don MacNeil

[Signature Page to Omnibus Action by Written Consent]

COMPANY:                                    **DIRECTORS:**

**ELECTRA LTD.**

_____
Ernest Ortega

DocuSigned by:

*Donna Marie Granato*
3772457C6BB446B...
Donna Granato

_____
Don MacNeil

[Signature Page to Omnibus Action by Written Consent]

COMPANY:                              DIRECTORS:

**ELECTRA LTD.**

_____
Ernest Ortega


_____
Donna Granato


_____
Don MacNeil

[Signature Page to Omnibus Action by Written Consent]

COMPANY:                              **CORE180, LLC**

**CORE180, LLC**                     By: GTT Global Telecom Government Services, LLC, its sole member

DocuSigned by:

*Donna Marie Granato*

3772467C6BB446B...

Name: Donna Granato
Title:   Vice President, Treasurer, Secretary and Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:

**GTT Apollo, LLC**

**GTT Apollo, LLC**

By: GTT Apollo Holdings, LLC,
    its sole member

DocuSigned by:

*Donna Marie Granato*

3772467C6BB446B

Name: Donna Granato
Title:   Treasurer, Vice President and Chief
Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:                              **GTT RemainCo, LLC**

**GTT RemainCo, LLC**                 By: GTT Communications, Inc.,
                                           its sole member

Name: Donna Granato
Title:   Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]

COMPANY:

**GTT Apollo Holdings, LLC**

**GTT Apollo Holdings, LLC**

By its members:

GTT RemainCo, LLC

DocuSigned by:

*Donna Marie Granato*

3772457C6BB446B...

    Name: Donna Granato
    Title:   Treasurer, Vice President and Chief
    Financial Officer

GTT Communications, Inc.

DocuSigned by:

*Donna Marie Granato*

3772457C6BB446B...

    Name: Donna Granato
    Title:   Chief Financial Officer

[Signature Page to Omnibus Action by Written Consent]